## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PENNSY SUPPLY, INC.,              :
                                     :
        Plaintiff,             :
                                     :       CIVIL ACTION NO. 1:10-cv-0451
        v.                   :
                                     :
ROBERT M. MUMMA, II and CACO,   :     (JUDGE CAPUTO)
THREE, INC.,                    :
                                   :     (MAGISTRATE JUDGE SMYSER)
        Defendants          :

## MEMORANDUM

Presently before the Court is Magistrate Judge Smyser's Report and Recommendation ("R&R") of March 17, 2010 (Doc. 30), Defendant CACO Three, Inc.'s ("CACO") Objections to the R&R (Doc. 32), and Defendant Robert M. Mumma's Objections to the R&R (Doc. 35). Magistrate Judge Smyser recommended that Plaintiff's Motion to Remand (Doc. 4) be granted. For the reasons discussed more fully below, this Court will adopt Magistrate Judge Smyser's R&R and remand this case to the Court of Common Pleas of Dauphin County.

## BACKGROUND

Plaintiff Pennsy Supply, Inc. ("Pennsy") filed its Complaint in the Court of Common Pleas of Dauphin County on February 25, 2010 against Defendants Mumma and CACO. (Doc 1., Ex. A.) Plaintiff's Complaint set forth three causes of action: trademark dilution pursuant to the Pennsylvania Trademark Act, 54 PA. CONST. STAT. § 1101-1126 (Count I), unfair competition (Count II), and preliminary and permanent injunction (Count III).

The facts alleged in Plaintiff's Complaint are as follows. Pennsy is a Pennsylvania corporation, Mumma is a resident of Pennsylvania, and CACO is a Pennsylvania Corporation. (Compl. ¶¶ 1-3.) Pennsy was founded in 1921 by Mumma's grandfather and has been competing in the construction industry in south central Pennsylvania by selling and delivering

ready-mix concrete, crushed stone, asphalt and other aggregate. (Compl. ¶¶ 4-6.) Mumma owns and controls businesses that directly compete with Pennsy, including CACO, which has been doing business as McDermitt Concrete, Inc. ("McDermitt"). (Compl. ¶ 7.) On January 19, 2010, Mumma filed with Pennsylvania Department of State to have the fictitious name "McDermitt Concrete, Inc." withdrawn; however, McDermitt has not stopped operating. (Compl. ¶ 15). On Febraury 1, 2010, Mumma filed the fictitious name "Pennsy Concrete" with the Pennsylvania Department of State. (Compl. ¶ 14.) Pennsy alleges that it has used the name "Pennsy Supply" or "Pennsy" for over fifty (50) years, including in advertising media, and that the general public associates the word "Pennsy" with Plaintiff. (Compl. ¶¶ 10-12.)

In early February 2010, the outgoing voice message for the number associated with McDermitt stated "Thank you for calling Pennsy Concrete, formerly known as McDermitt Concrete." (Compl. ¶ 16.) On February 5, 2010, Plaintiff's corporate parent sent Mumma a cease-and-desist letter instructing Mumma to stop using the name "Pennsy Concrete" and demanded Mumma to confirm his compliance with the letter in writing by February 9, 2010. (Compl. ¶ 17.) Mumma failed to indicate his compliance, and Plaintiff filed the instant Complaint.

On March 1, 2010, Mumma filed a notice of removal, which was consented to by CACO. (Doc. 1.) On March 2, 2010, Plaintiff filed a Motion to Remand (Doc. 4.) Magistrate Judge Smyer issued an R&R on March 17, 2010, recommending that this case be remanded to state court because due to lack of subject matter jurisdiction. (Doc. 30.) Both Defendants filed Objections to the R&R (Docs. 32, 35). Defendants also filed briefs in support with accompanying affidavits and other documents. Plaintiff filed briefs in opposition to the Objections (Doc. 37, 38.) As such, this matter is fully briefed and ripe for disposition.

**STANDARD OF REVIEW**

Where objections to the magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). In making its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the Court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

**DISCUSSION**

Pursuant to 28 U.S.C. § 1447(c), this Court must remand any action if "it appears that the district court lacks subject matter jurisdiction." Defendants removed this case to federal court pursuant to Federal Question Jurisdiction and Diversity of Citizenship Jurisdiction. Each basis will be discussed below.

**I.      Federal Question Jurisdiction**

28 U.S.C. § 1331 provides that "district courts shall have original jurisdiction of all civil

actions arising under the Constitution, laws, or treaties of the United States." In order to remove a case based on federal question jurisdiction, a federal question must be "presented on the face of the plaintiff's properly pleaded complaint." *Trans Penn Wax Corp. v. McCandless*, 50 F.3d 217, 228 (3d Cir. 1995). Thus, this rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

In the instant case, Plaintiff's well-pleaded complaint only includes causes of action brought pursuant to state law. There is no federal question presented on the face of the complaint. Therefore, there is no federal question jurisdiction, and removal for this reason is not proper.

## II.     Diversity Jurisdiction

The United States Supreme Court has held that in order for a federal court to exercise its jurisdiction on the basis of diversity of citizenship, there must be "complete diversity" between the parties. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Thus, "diversity jurisdiction is not to be available when any plaintiff is a citizen of the same State as any defendant." *Id.* at 374.  28 U.S.C. § 1332(c)(1) requires that a corporation's citizenship be alleged by stating the company's state of incorporation and its principal place of business.

While the Complaint does not specify either corporate party's principal place of business, it is clear that both CACO and Pennsy are Pennsylvania corporations. Thus, both parties are citizens of Pennsylvania, and complete diversity is destroyed.

## III.    Fraudulent Joinder

Nevertheless, Defendants ask the Court to deny Plaintiff's Motion to Remand on the

grounds that Defendant CACO was fraudulently joined as a party. They also argue that Defendant Mumma is actually a citizen of Florida, not Pennsylvania. However, if this Court finds that CACO was not fraudulently joined, there would still not be complete diversity of citizenship betweeen CACO and Pennsy, thereby rendering Mumma's citizenship moot.

The "fraudulent joinder" doctrine does not require a showing of fraud as the term is generally understood. *Cook v. Pep Boys-Mannie, Moe & Jack, Inc.*, 641 F.Supp. 43, 46 (E.D. Pa. 1985). Instead, the Third Circuit Court of Appeals has noted that joinder is considered fraudulent "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985) (quoting *Goldberg v. CPC Int'l, Inc.*, 495 F.Supp. 233, 239 (N.D. Cal. 1980)). Thus, joinder may be considered fraudulent if the plaintiff has failed to state a cause of action against the nondiverse defendant. *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111-12 (3d Cir.1990) (citations omitted), *cert. denied*, 498 U.S. 1085 (1991). But, "if there is even a possibility that a state court would find that the complaint states a cause of action against [the] resident[] defendant, the federal court must find that joinder was proper and remand the case to state court." *Id*. at 111 (citation omitted). Furthermore, the Third Circuit Court of Appeals has held that "where there are colorable claims or defenses asserted against or by diverse and non-diverse defendants alike, the court may not find that the non-diverse parties were fraudulently joined based on its view of the merits of those claims or defenses." *Id.* at 113 (citing *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146 (1914)).

The removing party bears the burden of demonstrating that the plaintiff has

fraudulently joined a party in an effort to defeat diversity jurisdiction, and this burden is a heavy one. *Id.* at 111; *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1011 (3d Cir. 1987), *cert. dismissed sub nom.*, *Am. Standard, Inc. v. Steel Valley Auth.*, 484 U.S. 1021 (1988). In determining whether a defendant has met this burden, a district court must analyze the complaint, assuming as true all factual allegations made therein. *Steel Valley*, 809 F.2d at 1011. The Court must also "resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." *Boyer*, 913 F.2d at 111.

Finally, in determining the legitimacy of a complaint in a jurisdictional analysis, a court does not apply the Rule 12(b)(6) standard, that is, has the plaintiff "failed to state a claim upon which relief may be granted." Rather, the Court may conclude that parties have been fraudulently joined only upon a finding that a claim is "wholly insubstantial and frivolous." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (1992) (citing *Lunderstadt v. Colafella*, 885 F.2d 66 (3d Cir. 1989). Put another way, the inquiry into the validity of a complaint triggered by a motion to dismiss under Rule 12(b)(6) is more searching than permissible when a party makes a claim of fraudulent joinder. Thus, it is possible that a party is not fraudulently joined, but that the claim against that party ultimately is dismissed for failure to state a claim upon which relief may be granted. *Id*.

In the instant case, Defendants provide this Court with several affidavits and other documents in an attempt to prove that CACO has been fraudulent joined. Their argument is that these affidavits prove that there is no possible scenario in which CACO was involved in the trademark dilution or unfair competition, and that all of the claims brought by Plaintiff are actually against Mumma, not CACO. However, this evidence is essentially asking the Court

to weigh in on the merits of Plaintiff's trademark dilution and unfair competition claims against CACO, which is specifically prohibited by the caselaw on fraudulent joinder. CACO seeks to prove that it had gone out of business on December 31, 2009 and, therefore, could not have possibly been involved in the dilution of Plaintiff's trademark or any unfair competition because the name "Pennsy Concrete" was not registered until February 1, 2010. Conversely, Plaintiff's Complaint alleges that CACO, acting through McDermitt even after the withdrawal of the fictitious name, continued to use the name "Pennsy Concrete" while conducting its business.

It may very well be that CACO will be able to prove that it had gone out of business before Mumma began using the name "Pennsy Concrete." However, that fact alone does not mean that CACO was fraudulently joined by Plaintiff in this action. Defendants seek an inquiry into the actual merits of the claims alleged in the Complaint that is not proper in the current procedural disposition of the case. As noted above, fraudulent joinder analysis requires a court to analyze the Plaintiff's complaint and assume all the factual allegations are true. *See Steel Valley*, 809 F.2d at 1011. The body of Plaintiff's claims all allege that CACO used the name "Pennsy Concrete" and caused substantial confusion among the community and the consuming public. (Compl. ¶¶ 21-24, 30, 32-35, 38-42.) These causes of action are supported by factual allegations suggesting that CACO, doing business as McDermitt Concrete, had been using the name "Pennsy Concrete." Certainly, this creates a possibility that the state court will find that the Complaint states a cause of action against CACO. Whether Plaintiffs will eventually succeed on the merits of these claims is not before the Court. Instead, this Court is tasked with determining whether Plaintiff has alleged sufficient facts to create a reasonable basis in fact or colorable claim to support the claims against Defendants. This

7

Court holds that Plaintiff has done so, and that Defendant CACO was not fraudulently joined.

Therefore, complete diversity of citizenship is destroyed, and this Court will adopt Magistrate

Judge Smyser's R&R.

## CONCLUSION

For the reasons discussed above, the Court will adopt Magistrate Judge Smyser's

recommendation and remand the case to the Dauphin County Court of Common Pleas. An

appropriate order follows.


April 19, 2010                                   /s/ A. Richard Caputo
Date                                                    A. Richard Caputo
                                                    United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

PENNSY SUPPLY, INC.,      :
                           :

     Plaintiff,            :

                           :      CIVIL ACTION NO. 1:10-cv-0451

        v.               :

                           :

ROBERT M. MUMMA, II and CACO,   :      (JUDGE CAPUTO)
THREE, INC.,                     :

                           :      (MAGISTRATE JUDGE SMYSER)

     Defendants          :

# <u>ORDER</u>

    **NOW**, this  <u>19th</u>  day of April, 2010, after consideration of Magistrate Judge Smyser's

Report and Recommendation recommending that the Plaintiff's motion to remand the case

to the Dauphin County Court of Common Pleas be granted (Doc. 30), and of Defendants'

objections to the Magistrate Judge's Report (Docs. 32, 35),  **it is hereby ORDERED** that:

    1.    Defendants' Objections to the Magistrate Judge's Report and Recommendation

        (Docs. 32, 35) are **OVERRULED**.

    2.    The Report and Recommendation (Doc. 30) is **ADOPTED**.

    3.    This matter is **REMANDED** to the Dauphin County Court of Common Pleas.

    4.    The Clerk of the Court is to mark the matter in this Court **CLOSED**.


                          /s/ A. Richard Caputo
                         A. Richard Caputo
                         United States District Judge